**EFiled: Aug 31 2015 01:32PM EDT**
**Transaction ID 57792074**
**Case No. 8528-VCN**

COURT OF CHANCERY
OF THE
STATE OF DELAWARE

JOHN W. NOBLE
VICE CHANCELLOR

417 SOUTH STATE STREET
DOVER, DELAWARE 19901
TELEPHONE: (302) 739-4397
FACSIMILE: (302) 739-6179

August 31, 2015

John W. Paradee, Esquire
Baird Mandalas & Brockstedt, LLC
6 South State Street
Dover, DE 19901

Joseph C. Handlon, Esquire
Scott W. Perkins, Esquire
Department of Justice
820 North French Street
Wilmington, DE 19801

Re:   *Ridgewood Manor II, Inc. v. The Delaware Manufactured*
      *Home Relocation Authority*
      C.A. No. 8528-VCN
      Date Submitted: May 14, 2015

Dear Counsel:

This action challenges the monthly assessments collected by Defendant Delaware Manufactured Home Relocation Authority (the "Authority") under the Manufactured Home Owners and Community Owners Act (the "Act").[1] The Act directed the Authority to set a three dollar monthly assessment on landlords and tenants of manufactured home communities, which its board did in February 2004. The board was required to "adjust, eliminate or reinstate the

_____

[1] 25 *Del. C.* ch. 70, subch. I.

assessment."[2]  More specifically, the Act provided that "if the board does not adopt and adjust the assessment on or before January 31, 2006, the board shall eliminate the fee in its entirety."[3]  Legislative action in April 2014 eliminated the consequences of the Authority's failure to revise the assessment.  The Plaintiffs allege that the board was required to eliminate the assessment as of January 2006 because it had not "adjusted, eliminated or reinstated" it by then.  Based on this understanding, Plaintiffs brought this action seeking relief from the assessment and reimbursement of the assessments which had been collected because the Authority did not act to eliminate the assessment following January 2006.[4]

The parties filed cross-motions for summary judgment, and the Court concluded that the statutory immunity of 25 *Del. C.* § 7011(b)(3) protected the Authority (and its board) from civil liability, at least until the filing of this action, because the "act or omission complained of was [not] done in bad faith or

---

[2] 25 *Del. C.* § 7012(f)(1) (prior to its amendment in April of 2014).
[3] *Id.*
[4] The funds to be reimbursed are not sought from the members of the board. Instead, the monetary relief would come from accumulated assessments held by the Defendant Division of Revenue.  Apparently, those funds are sufficient to satisfy Plaintiffs' claims.  The Division of Revenue is only a defendant because it holds the assessments that have been collected.  It has no contentions regarding the pending issues that are not fully represented by the Authority.

with gross or wanton negligence."[5]  That left the question of whether the notice of the board's failure to comply with the Act and Delaware's Freedom of Information Act provided by the Complaint in this action leads to the conclusion that the continued collection of the assessment is the product of bad faith (or of gross or wanton negligent) conduct.[6]

The Authority argued that conduct after the filing of this litigation should not be considered because it was not (nor could it have been) alleged in the Complaint.  Putting aside questions regarding the reasons (if any) for requiring Plaintiffs to refile their action seeking prospective relief, there is no doubt about the content of the Complaint.  The issue—of the Authority's immunity—impacts a review of its conduct both before and after filing of the Complaint.

Before addressing the particular consequences for the immunity defense posed by service of the Complaint, the Court must consider whether the conduct (or non-conduct) in early 2006 determines the immunity question on an ongoing basis or whether subsequent conduct merits analysis.  The Court has concluded

---

[5] *Ridgewood Manor II, Inc. v. The Del. Manufactured Home Relocation Auth.*, 2014 WL 7453275 (Del. Ch. Dec. 31, 2014).

[6] Because of the legislative action, the claim for relief from further collections became moot with the elimination of any duty to "adopt an adjustment assessment."

that the Authority's board was not acting in bad faith in early 2006 when it believed its actions had avoided the problems posed by the January 2006 trigger date. If that conduct is protected, why should subsequent inaction be treated differently? The Authority's immunity defense is premised upon the board's lack of knowledge that it had not properly revisited the amount of the assessment. In general, with immunity that depends on lack of knowledge, if the act (collection of the $3 assessment) continues after receipt of knowledge (as provided by the Complaint), the receipt of knowledge may circumvent the qualified immunity.[7]

Continuing to collect the assessment without having taken the steps statutorily mandated to continue collecting such funds may be analogized to a continuing tort. Each time the assessment was collected, purportedly as a requirement of law, a new statutory breach occurred.[8] Thus, the immunity defense must be tested in the context of post-complaint collection of the assessment.

That brings the Court to the question of whether the Authority's conduct after its board received the Complaint can be viewed, on the undisputed facts, as

---

[7] *See, e.g.*, *DiStiso v. Cook*, 791 F.3d 226, 238 (2d Cir. 2012); *Jones v. Carroll*, 628 F. Supp. 2d 551, 561 (D. Del. 2009).

[8] *See, e.g.*, *Cowell v. Palmer Twp.*, 263 F. 3d 286, 293 (3d Cir. 2001).

not having been in bad faith (or the product of gross or wanton negligence). The Court holds in the affirmative and accordingly concludes that the Authority retains its immunity defense under 25 *Del. C.* § 7011(b)(3). First, simply because the Complaint makes allegations, it does not necessarily follow that the allegations of law and fact are correct. Second, the defenses raised by the Authority to the Complaint were in good faith and significantly surpassed a frivolous or meritless standard. These included defenses not only on the merits, but also in the nature of a time-bar.

Accordingly, for the foregoing reasons and the reasons set forth in the Court's Letter Opinion of December 31, 2014, Defendants are entitled to summary judgment in their favor.

**IT IS SO ORDERED.**

Very truly yours,

*/s/ **John W. Noble***

JWN/cap
cc:    Register in Chancery-K